# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 27, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

139209

PEOPLE OF THE STATE OF MICHIGAN
        Plaintiff-Appellee,

v

ANGELO ROCHELLE MCMULLAN,
        Defendant-Appellant.

SC: 139209
COA: 281844
Genesee CC: 01-008582-FC

_____/

On order of the Court, the application for leave to appeal the June 2, 2009 judgment of the Court of Appeals is considered, and it is GRANTED, limited to the issue whether a rational juror could conclude that defendant acted with a "lesser mens rea of gross negligence or an intent to injure, and not malice," *People v Holtschlag*, 471 Mich 1, 21-22 (2004), thus warranting an instruction on involuntary manslaughter.

We further ORDER the Genesee Circuit Court, in accordance with Administrative Order 2003-03, to determine whether the defendant is indigent and, if so, to appoint Patrick K. Ehlmann, if feasible, to represent the defendant in this Court. If this appointment is not feasible, the trial court shall, within the same time frame, appoint other counsel to represent the defendant in this Court.

The Criminal Defense Attorneys of Michigan, the Prosecuting Attorneys Association of Michigan, and the Criminal Law Section of the State Bar of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issue presented in this case may move the Court for permission to file briefs amicus curiae.

CORRIGAN, J., (*concurring*).

In particular, I would direct the parties to address whether, even crediting defendant's version of events, the facts inescapably show that he acted with malice because, at a minimum, he "inten[ded] to do an act in wanton and wilful disregard of the

likelihood that the natural tendency of [his] behavior is to cause death or great bodily harm." *People v Goecke,* 457 Mich 442, 464 (1998). Defendant admitted that, after a physical altercation with the victim, defendant left to obtain a loaded gun in order to threaten or scare the victim. He further testified that after he returned, the victim was shot in the chest when he and the victim again began to struggle. He does not dispute that the gun was in his hand when it was cocked and then fired, and the evidence further established that this firearm had to be specifically cocked in order to fire. Under these circumstances, I would ask the parties to address whether, as a matter of law, defendant's assertion that he did not actually intend to kill the victim could preclude a finding of malice.

YOUNG, J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 27, 2010

_____
Clerk

p0120